HOOD, Judge
(dissenting).
I cannot agree with the conclusions reached by the majority either as to liability or as to quantum.
The evidence shows that a considerable amount of road construction work was being conducted on Enterprise Boulevard, between Church and Belden Streets, in December, 1959. The sidewalk on the west side of Enterprise Boulevard in that block was torn-up for a distance of about 350 feet. The fact that heavy construction work was being conducted, at, that point would have been obvious to, .anyqne in that area, even to a stranger,-and,plaintiff especially was aware of;the .cppdj.tion.qf.tb.is sidewalk, because he, regularly patrolled .that, very block, qn foot, as .a .part o,f .his -duties as a policeman. He, in fa,Ct,-hadipatrqlled this particular, block, fqr an hour or, an hour ,and a half late in the, afternoon,,, wl;il,e it, was .still, daylight, npt naote.,,than,..ap,hpur o,r two beforq.the accident,,pccm;r.e,d.,.Jn walkipg -alppg.Em terprise ^B.ouleyard between Belcjen . .and' Church Streets,, abput 7;>00 or 7.$0 that evening,, after, daijjq.Jie walked in the street rather thap, pni.the,sid,ewalk during most p£ that.dis.t,apee, because.of,the fact.that.,the, sidejyalks were.mpddy..and broken.. When he. rqachpd. a point, .about in-the, .middle of the block, however, he decided that it would' bé safer to w&lk'dh' the muddy and brbken. sidewalk than' to -cbritinUe walking in the-street, ' b’feóáiise’' Totir nights ‘ before he wás-almost struck by an automobile while walk-' ing in the street. He said, “I thought it wás bettér to gé't'úiy fée't mtíddy and to get báclí 'ón :the ' Sidewalk than to ■ continue-straight bn ddWn tile street” ‘
. In .my opinion, the,evid$nce shows, cjearly\: that plaiptiff. djd not -fall .in an excavation *529 or a hole in the sidewalk and that the con7 Crete did not give way when he stepped on it, as indicated in the majority opinion. He simply stumbled or slipped at one. of the many places where the sidewalk had been broken along the entire length of that block. The defendant had done no excavating within 40 or SO feet of the place where the accident occurred, although I think it is reasonable to conclude that the break in the sidewalk where plaintiff fell was caused by the construction work.
The evidence shows that barricades, signs , and lights .had been placed on Enterprise Boulevard by the contractor, on each side , of the area which was under construction, warning of the danger in that area. Since it would have been obvious to anyone that construction work was being conducted,in that immediate area, that the sidewalk was broken all along that entire side of the ' street, and since plaintiff, was particularly well aware of the condition of the sidewalk at that point, it seems to me, that it is .unreasonable to hold that the defendant con-,, tractor was negligent in failing to place ad- . ditional sigps, flares or barricades to warn plaintiff of the danger. Also, if there,was. any negligence on the part of defendant,, it,. seems to me that plaintiff clearly is barred from recovery because of contributory neg- ' ligence. , , .
Assuming that defendants are liable, 'however, I can see" hó justification for iricreats-' ing the generous' award' ’made by'the" trial’''' coürt. ¡
Four, doctors-testified -at the trial;. three:¡ of -whom were called by plaintiff,. >and ,not a - single one of them was -able to express, an opinion that plaintiff suffered-a ruptured in-tervertebral, disk, a-s- found by-the majority. - The most that ¡can be said from .the testimony of the doctor most favorable to- plains tiff is that it was “possible” that he had such an injury, but even' ;plaintiffV'physi-cians said that they,.would-not perfp.rtn.'Sur-g?ry,unless there ,wa,s. more; ‘evidence than , they were .able-to, find, indicating, that plain-.-,tiff had sustained.- that, type, of-injury..If ■ the, medical testimony can be construed as-. showing that plaintiff now has disability-relating to his back, however, then the medi- - cal. evidence, in. my opinion,- establishes, clearly, that, there was no causal relationship between -the accident which occurred on. December 26, 1959, and such disability.
Plaintiff had sustained two back injuries, prior to the date of this accident. One occurred on May .19, 1958, about nineteen-months before this accident, and the other back injury Was-sustained by him ■ on- July 2, 1959, less than six months before this; accident. As a result of the last mentioned! back injury plaintiff lost eleven days.of;, work.
The injuries which plaintiff sustained on December 26, 1959,' were of such a minor nature that he did not consult a doctor until two days later, his complaints at that time being of injury to his ankle, knee and the left side of the low back area. No-bruises of other objective signs indicating a back injury could' be found by plaintiff’s, doctor at that time. Eleven days after the-accident. , occurred,- , an orthopedic,, surgeon found atrophy of plaintiff’s right leg and an absence of an ankle reflex on the right side. Since atrophy of the leg could not have set in within1’eleven 'days 'after the accident, these symptoms indicated that plaintiff had. previously sustained a back injury on the-right side some time before the accident of December- 26, '-1959. I -think -the -evidence shows that plaintiff sustained a very mild strain to the left side of his back as a result of this’áctide’nt,' but that he: completely recovered‘ from 'that "injury within three'-' months after'the accident, and the only"' disability "of which :he complains now ié tef-eráble'to the right side, which .the ’ doctors! ’ cannot 'diagnose as a ruptured disk and which seems-to me to have no-relation-to'.' the' accident-which'gave rise to 'this''suit:'
Plaintiff; was meyer. hospitalised-,;-.be-,- hag.,- ¡ sopght, and-; obtained -, only, a minimal -ampunt-., of, .medical treatment, .apd , the defendants, in .this.,case were,,-pot even .aware,of-the-, fact that an accident- had occurred until! *530 this suit was instituted just five days before the one-year prescriptive period would have elapsed. Under the facts presented here, I feel that the award made by the trial court was more than adequate for the injuries which plaintiff may have sustained.
For these reasons, I respectfully dissent from the opinion rendered by the majority.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD and CULPEPPER, JJ., are of the opinion a rehearing should be granted.